United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 5, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

No. 02-51127
Summary Calendar

———————————

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JACK WAYNE WHISENHUNT,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. P-02-CR-75-ALL
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Jack Wayne Whisenhunt appeals his conviction for one count

of importing an alien for the purpose of sexual exploitation, in

violation of 8 U.S.C. § 1328.  He contends that the evidence was

insufficient for the jury to find that he imported the subject

alien because the alien crossed the border from Mexico into the

United States of his own volition.  He also contends that the

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

district court erred in admitting certain photographs into evidence.

Viewing the evidence as a whole, a reasonable trier of fact could have found that the evidence established the essential elements of the alien-importation offense beyond a reasonable doubt. See United States v. Ortega Reyna, 148 F.3d 540, 543 (5th Cir. 1998). In particular, the evidence was sufficient to establish that Whisenhunt directly or indirectly imported the alien described in count one of the indictment. See 8 U.S.C. § 1328.

Although Whisenhunt objected in the district court to the admission of the photographs because he disputed that they depicted minors, as charged in the counts of the indictment for which the photographs were introduced and of which he was acquitted, he did not object on the basis that admission of the photographs would prejudice his defense on the alien-importation charge. Accordingly, this issue is reviewed for plain error only. Because there is no possibility that the admission of the photographs affected the outcome of the trial on the alien-importation charge, Whisenhunt has not shown plain error in the admission of the photographs. See United States v. Calverley, 37 F.3d 160, 164 (5th Cir. 1994)(en banc).

AFFIRMED.